IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NICHOLAS J. ROBERTS, an individual,<br><br>Plaintiff,<br>v.<br><br>JAMES M. WINDER, individually; ROSIE RIVERA, in her official capacities as the Salt Lake County Sheriff and CEO of the Unified Police Department of Greater Salt Lake; THE UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE, a Utah police interlocal law enforcement entity; and JOHN DOES 1-13, whose identities are currently unknown,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00298<br><br>District Judge Dale A. Kimball |

This matter is before the court on Plaintiff Nicholas J. Robert's Motion to Strike Defendants' Motion for Partial Summary Judgment.[1] Roberts argues in the motion: (1) that the motion is over length because the Defendant failed to include text images in its certified word count; and (2) that the Defendant is factually wrong in stating that Roberts held a specialist position that had a non-merit classification. The Plaintiff also filed a motion to stay briefing on the motion for partial summary judgment pending a decision on the motion to strike.

Plaintiff asserts that the Defendants' motion for partial summary judgment is over length because it includes text images. The Defendant asserts that its motion contains only 9,388 words and that text images were only included for the convenience of the court. The majority of the text images are in the Defendants' section pertaining to undisputed facts. The court finds that these

---

[1] Motions to strike evidence as inadmissible are no longer appropriate and should not be filed. The proper procedure is to make an objection. DUCiv-R 7-1(b)(1)(B); *See also* Fed. R. Civ. P. 56(c)(2). Nonetheless, even if the motion was procedurally proper the outcome remains the same.

images were included for convenience and therefore DENIES Plaintiff's motion to strike the motion for partial summary judgment as over length.

The Plaintiff further argues that the Defendants mischaracterize Robert's position as being classified as specialist rather than merit. At the heart of the Defendants' motion for partial summary judgment is the factual question of whether Robert's position is classified as merit. In fact, the court ordered the parties to engage in limited discovery to determine the proper classification of Robert's position. *See* Dkt. No. 23. The proper classification of Robert's position is a factual question that will be decided, if possible, in the motion for summary judgment. The court therefore DENIES Plaintiff's motion to strike the motion for partial summary.

The Plaintiff also filed a motion to stay the briefing on the motion for partial summary judgment until the court rules on the motion to strike. The court DENIES to stay the briefing on the motion for partial summary judgment. Alternatively, Plaintiff may seek a reasonable extension of time, if needed, to respond to the motion.

Additionally, the Defendant filed a Motion for Leave to File a Surreply in Opposition to the Plaintiff's Motion to Strike. The court finds that a surreply is not necessary and therefore DENIES leave to file a surreply. (Dkt. No. 48).

For the following reasons, the Motion to Strike (Dkt. No. 41), the Motion to Stay (Dkt. No. 47), and the Motion for Leave to File a Surreply (Dkt. No. 48) are DENIED in their entirety.

Dated this 19th day of April, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge