# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICHOLAS J. ROBERTS,<br><br>Plaintiff,<br>v.<br><br>JAMES M. WINDER, individually; ROSIE RIVERA, in her official capacities as the Salt Lake County Sheriff and CEO of the Unified Police Department of Greater Salt Lake,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00298<br><br>District Judge Dale A. Kimball |

This matter is before the court on Defendants James M. Winder, Rosie Rivera, and the Unified Police Department of Greater Salt Lake's (collectively "Defendants") Motion for Partial Summary Judgment and Plaintiff Nicholas Roberts' Motion to Continue Hearing. On August 16, 2018, the court held a hearing on the motion. At the hearing, the Plaintiff was represented by Jesse Trentadue and Robert Hughes. Defendants were represented by Scott Young and Harry Souvall. The court took the motions under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order GRANTING in part and DENYING in part Defendants' Motion for Partial Summary Judgment and GRANTING in part and DENYING in part Roberts' Motion to Continue.

## BACKGROUND FACTS

Nicholas Roberts (Roberts) filed suit alleging that he was unlawfully demoted from his position as Range Master-Firearms Instructor (Range Master). The parties agreed in oral argument that the Motion for Partial Summary Judgment hinges on whether the Range Master

1

position was classified as "Merit" or "Specialist." If the position was classified as "Merit" then Roberts has a property interest in his former position. Rather, if the position was classified as "Specialist" then Roberts does not have a property interest in his position and may be reassigned pursuant to his merit rank. Determining the classification of the Range Master position requires analyzing how the position was created, and whether the position's classification changed over time.

On March 18, 1996, Sheriff Aaron Kennard wrote to the Deputy Sheriff's Merit Commission ("Merit Commission") requesting "the Merit Commission to reestablish a specialist position, for the Firearms Range Instructor/Supervisor, as allowed by Deputy Sheriff's Merit Commission Policy #4140." Kennard's March 18th, 1996 Letter, Ex. G., (Dkt. No. 39-8).

On April 11, 1996, Notice of a Public Hearing on the "Proposed Specialist Position" was posted. The notice stated, "Sheriff Kennard has requested that the Merit Commission approve the creation of a specialist position Range Master (See Policy #4140 Specialist Positions)." Specialist Position Notice Ex. G, (Dkt. 39-8). On April 18, 1996, the Merit Commission held a public hearing addressing Sheriff Kennard's request for the new position. At the hearing, Salt Lake County Human Resources Director Susan Biesele advised that pursuant to Policy #4140 relating to Specialist appointments:

> If an officer appointed to a specialist position receives a grade increase, the following applies: the officer will maintain two classifications: his merit rank and the appointed grade. The merit rank is attained through appointment from a merit register based on a competitive merit examination, while the grade appointment is based on the provisions of the policy. Subsection 5.2 states that, "the grade appointment does not change or alter the merit status of the officer." She stated that in other words, Sergeant and Lieutenant ranks are separate from the specialist appointments.

April 18, 1996 Merit Comm. Mtg. Minutes, Def. 85, Ex. H (Dkt. No. 39-9).

On May 1, 1996, Richard Rieke, Chair of the Merit Commission, wrote Sheriff Kennard and notified him:

> In a public hearing, April 18, 1996, the Merit Commission received evidence and heard testimony regarding your request (letter dated March 18, 1996 and related documents) to establish the "specialist position" of Range Master. The hearing was conducted pursuant to the merit system statute 30-17-12(1) and Merit Commission Policy #4140 SPECIALIST POSITIONS, which allows the Sheriff to appoint a qualified person to such a position after a public hearing and upon approval of the Merit Commission.

May 1, 1996 letter to Sheriff Kennard from Richard Rieke, Chair of Deputy Sheriff's Merit Service Commission, Def. 88-89 Ex. E (Dkt. No. 39-6).

The Merit Commission approved the creation of the Range Master position at two levels: Level I P-17 (rank and pay grade equivalent to that of sergeant) and Level II P-21 (rank and pay grade equivalent to that of a lieutenant). On May 3, 1996, the Merit Commission posted a job notice that listed the Range Master as a Specialist Position. Specialist Position Job Notice, Ex. G (Dkt. No. 39-8).

On July 1, 1996, Roberts applied for the Range Master position. In the opening line of his application, Roberts wrote that he is applying for the "specialist position of Range Master." Roberts' Application, Ex. G (Dkt. No. 39-8). On August 14, 1996, Sheriff Kennard wrote a letter to Roberts appointing him "to the position of Specialist Range Master Level I." Sheriff Aaron D. Kennard August 14, 1996 letter to Deputy Nick Roberts, Ex. N (Dkt. No. 39-8).

On August 17, 1998, Captain George Nelson wrote a memo to Sheriff Kennard requesting that "Range Master Nick Roberts be advanced in rank from Specialist Level 1 to Specialist Level 2 as provided under the specialist provision for the Range Master." Aug. 17, 1998 Memo, Ex. G (Dkt. 39-8). On September 16, 1998, Roberts received a Certificate of Commission that labels his position as Specialist Range Master. Certificate of Commission dated Sep. 16, 1998, Ex. O (Dkt. No. 39-16).

3

In 2005, Roberts tested for and obtained a merit rank advancement from Deputy to Sergeant.[1] In 2009, deputy lieutenants' pay grades for other positions were reclassified. Roberts had not automatically received a pay raise because Range Master was not a permanent merit rank position. On May 4, 2009, the Sheriff's Office requested that the Merit Commission reclassify the pay grade from P17/21 to P21/P25. The Merit Commission decided to "make the change to the range master specialist from a P17/21 to P21/P25." July 29, 2009 Hrg. Transcript, p. 62, Ex. F. (Dkt. No. 39-7).

On August 5, 2009, the Merit Commission sent a letter to Sheriff Winder stating that the position is reclassified from Range Master Specialist P17/P21 to Range Master Specialist P21/P25. Aug. 5, 2009 Letter, Ex. G (Dkt. No. 39-8). After appealing to the Merit Commission Roberts received the same pay raise as the Lieutenants.

In 2017, Sheriff Winder transferred Roberts pursuant to Merit Commission Policy #3140 (previously #4140). On March 1, 2017, Undersheriff Scott Carver and Chief Deputy Shane Hudson met with Roberts and informed him that he would be reassigned to Patrol Sergeant in the Millcreek Precinct the following month.

On March 9, 2017, Roberts, through his counsel, wrote a letter to Sheriff Winder objecting to the reassignment. Roberts contended that the reassignment violated the Deputy Sheriffs-Merit System Act. On March 23, 2017, Sheriff Winder responded to this letter, stating "I have treated the letter as a grievance per your recent request," and denied the grievance because Roberts' position as Range Master was a specialist position. Roberts opted not to appeal to the Merit Commission, and instead filed this lawsuit. Roberts acknowledges that there are no

---

[1] Roberts has an interest in his merit rank of Sergeant and may be reassigned according to that rank. The merit advancement does not indicate that his position was classified as "Merit" because a "Specialist" position allows an employee to hold a merit rank that is separate from their pay grade.

4

documents that state the Range Master is a permanent merit rank position. Roberts Depo., p. 91, Ex. K (Dkt. No. 39-12).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion of summary judgment, the court views "all facts [and evidence] in the light most favorable to the party opposing summary judgment." *S.E.C. v. Smart*, 678 F.3d 850, 856 (10th Cir. 2012) (quoting *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008)). The movant must prove that no genuine issue of material fact exists for trial. *See* Fed. R. Civ. P. 56(a); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). Accordingly, to survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Smart*, 678 F.3d at 858 (quoting *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)).

## DISCUSSION

Roberts asserts claims for: 1) Declaratory judgment that Roberts' position was classified as a merit position; 2) Violation of procedural and substantive due process because Roberts had a property interest in his merit position; 3) Violation of due process under the Utah Constitution; and 4) Retaliation because Roberts asserts that he was demoted because he did not support Sheriff Winder for elected office. The Defendants seek summary judgment on these claims. Roberts also has a claim for age discrimination, but that claim is not subject to this motion.

    A) Roberts Does Not Have Property Rights to the Range Master Position Because It Was Classified As "Specialist."

On October 23, 2017, the court granted Roberts' motion for additional discovery to determine the proper classification of his previous position. The court ordered additional

discovery because Gaylyn Larsen, the former Human Resources Manager for the Salt Lake County Sherriff's Office, signed a declaration stating that the Range Master-Firearms Instructor holds a merit classification. During the limited discovery Larsen conceded that her affidavit was not true, and that Roberts' pay grade was reclassified but his position was not.

Defendants seek summary judgment on Roberts' claims because there is no dispute as to any material fact that Roberts' position was classified as "Specialist." As support, Roberts submitted to the court 18 exhibits ranging from March 18, 1996 to August 6, 2009, all describing the position as having a "Specialist" designation. Included in the exhibits is: 1) The initial job posting notice for "specialist position Range Master per Policy #4140 Specialist Positions"; 2) Roberts' application where he stated "I am writing to apply for the specialist position of Range Master"; and 3) a Merit Commission Letter to Sheriff Winder reclassifying "Range Master Specialist" from pay grade of P17/21 to P21/25; Specialist Position Job Notice, Exh. G (Exh. 3 to Roberts' Counsel's March 9th, 2017 Letter); Roberts' Application, Exh. G (Exh. 5 to Roberts' Counsel's March 9th, 2017 Letter); Aug. 5th, 2009 Letter, Exh. G (Exh. 9 to Roberts' Counsel's March 9th, 2017 Letter).

Roberts argues that there is a dispute of material fact as to the classification of the position because he has attached testimony from Gaylyn Larsen (the former H.R. Manager for the Salt Lake County Sherriff's Office)(stating that Range Master was treated as a Merit position, although acknowledging that only the Merit Commission may make that determination), Judy Thimakis (Former Executive Director of the Deputy Sheriff's Merit Commission from 1998 to 2008)(stating that competition for a position within the Sheriff's Office implies that it is a merit position), Beau Babka (Undersheriff)(stating that he believed Range Master was a Merit

6

position), and George Nielsen (former Sheriff)(testifying that he believed the Range Master position was classified as Merit).

The parties agree that only the Merit Commission can create a "Merit" position. Roberts is unable to reference a single document from the Merit Commission stating that the Range Master position holds a "Merit" classification. Although Roberts has referenced testimony stating what others at the Sheriff Office believed the Range Master position was classified as, the testimony is not relevant. Because the Merit Commission has exclusive authority in classifying what positions have a "Merit" rank, the only thing that is relevant to the classification of Roberts' former position is the documents and evidence from the Merit Commission. The Defendants have produced 18 documents referencing the position as having a "Specialist" classification, and Roberts has produced no evidence from the Merit Commission regarding the Range Master position's classification. Accordingly, the court finds that there is no dispute as to any material fact that the Range Master position held a "Specialist" classification and therefore Roberts did not have a property right in the position. Because the Range Master position had a "Specialist" classification, Roberts may be reassigned according to his separate merit rank of Sergeant. His due process rights were therefore not violated when he was reassigned to Patrol Sergeant in the Millcreek Precinct the following month.

    B) Even If Roberts' Position Was Classified As "Merit" He Waived His Due Process Claims by Not Appealing Sheriff Winders' Demotion to the Merit Commission.

Because Range Master was a "Specialist" position, Roberts' claims for a violation of procedural and substantive due process under the U.S. and Utah constitutions fail because he did not have a protected property right in the position. However, even if Roberts' position held a "Merit" classification then his due process claims still fail because he waived his rights by not appealing his demotion to the Merit Commission.

7

The United States Supreme Court has long held that "[t]he due process rights to notice and hearing prior to a civil judgment are subject to waiver." *D.H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 504 U.S. 174, 185 (1972). The Tenth Circuit applied this principle to employment grievances in *Pitts v. Board of Educ. of U.S.D. 305*, 869 F.2d 555, 557 (10th Cir. 1989), holding that "[d]espite the strong presumption against waiver, "[d]ue process rights may be waived… Waiver depends on the facts of a particular case, and is good only if done in an informed manner."

In *Pitts*, a school board eliminated the plaintiff's position as a tenured professor. "Pitts received notice of the board's decision as well as an outline of his procedural rights, and indicated a desire for a hearing… In April 1985, before the hearing committee met, Pitts filed [his] lawsuit." *Id*. The Tenth Circuit concluded that Pitts waived his due process claims because "[b]y waiving his hearing, Pitts deprived the school board of the opportunity to provide him with due process, and he gave up his right to test the correctness of the board's decision." *Id*. at 557.

Like the professor in *Pitts*, Roberts opted to file this lawsuit rather than appeal to the Merit Commission whether Range Master was a specialist or merit position. Sheriff Winder wrote Roberts a letter stating "[y]ou may have a right to appeal this decision: however, the Department reserves the right to contest this appeal because it is a final, non-appealable decision statutorily committed to the discretion of the Sheriff." Sheriff Winder's March 23rd, 2017 Letter, attached as Exh. H.

Roberts knew that he could appeal Sheriff Winder's transfer to the Merit Commission but chose to file suit in federal court. Sheriff Winder told Roberts that he had a right to appeal the decision but did not. Indeed, Roberts successfully appealed to the Merit Commission in 2009 to have his pay grade reclassified.

Roberts argues his case is distinguishable from *Pitts* because in *Pitts* the employee had started the appeals process, but then dropped the appeal to file a federal case. Here, Roberts never appealed the Sheriff's decision. The court finds that Roberts' attempt to distinguish *Pitts* unpersuasive. *Pitts* did not limit waiver to only circumstances where an employee has started the administrative appeal. Rather, *Pitts* focused on whether waiver was done in an informed matter. *Pitts* at 556 (10th Cir. 1989). Here, Roberts knew that he could appeal Sheriff Winder's finding that the Range Master position was classified as "Specialist" but knowingly chose not to. The Merit Commission stands in the best position to determine the proper classification of the positions it creates. If after appealing to the Merit Commission Roberts' due process rights were violated, then he may file suit in court. Because Roberts was required to first appeal Sheriff Winder's decision to the Merit Commission, he waived his due process rights to challenge Sheriff Winder's decision in court. Accordingly, Roberts' due process claims pursuant to the U.S. and Utah Constitutions fail and summary judgment is granted in favor of the Defendants. Further, Roberts' Motion to Continue Hearing on a Portion of Defendants' Summary Judgment Motion Pending Discovery is denied as to the sections where he seeks additional discovery on whether he knowingly waived his right to appeal his demotion and transfer to the Merit Commission before filing his lawsuit in federal court.

C) Roberts' Motion for Additional Discovery on His Retaliation Claim is Granted.

In addition to Roberts' due process claims, he also asserts that Sheriff Winder retaliated against him by reassigning him to patrol duty because Roberts did not support Sheriff Winder for his 2006 campaign for Sheriff. Roberts asserts that Sheriff Winder retaliated against him nearly nine years later by reassigning him because Roberts did not support Sheriff Winder in his 2006 election. Roberts asserts that the only reason given by Sheriff Winder for his reassignment is that

9

"it was time for a change." The parties have not engaged in discovery on Roberts' retaliation claim.

"If a movant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Roberts argues that because the parties have not engaged in discovery on Roberts' retaliation claim, the court should not yet decide the issue on summary judgment. The court agrees and therefore DENIES Defendants' Partial Motion for Summary Judgment as it relates to Roberts' retaliation claim until after Roberts has had an opportunity to conduct discovery into whether Sheriff Winder's decision to reassign Roberts was unlawfully politically motivated. Accordingly, Roberts' Motion for Additional Discovery as to his retaliation claim is GRANTED as far as it relates to his retaliation claim.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Partial Summary Judgment is GRANTED in favor of Defendants on Roberts' claims for declaratory judgment, violation of procedural due process, violation of substantive due process, and violation of due process under the Utah Constitution and DENIED on Roberts' claim for retaliation. (Dkt. No. 39). Roberts' Motion for Additional Discovery is GRANTED in so far as it relates to his retaliation claim and DENIED in all other respects. (Dkt. No. 60).

Dated this 21st day of August, 2018.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge