## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **NICHOLAS J. ROBERTS, an individual,**<br><br>**Plaintiff,**<br>v.<br><br>**JAMES W. WINDER, individually; ROSIE RIVERA, individually and in her official capacities as the Salt Lake County Sheriff and CEO of the Unified Police Department of Greater Salt Lake; and THE UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:17-cv-00298-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff Nicholas J. Roberts' Rule 54(b) Motion to Reconsider the court's August 21, 2018 Memorandum Decision and Order granting partial summary judgment in favor of Defendants on Plaintiff's First, Second, Third, and Fourth Claims for Relief. Because the court concludes that oral argument would not significantly aid in its determination of the motion, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

### BACKGROUND

Plaintiff Nicholas J. Roberts ("Roberts") initiated the present suit in 2017 alleging that Defendants had unlawfully demoted him from his position as Range Master-Firearms Instructor ("Range Master"). In bringing suit, Roberts asserted six claims for relief: (1) a request for a declaratory judgment that the Range Master position was a merit-based position; (2) violation of his procedural due process rights under the United States Constitution; (3) violation of his

substantive due process rights under the United States Constitution; (4) violation of his due process rights under the Utah Constitution; (5) retaliation; (6) and age discrimination in violation of the Age Discrimination in Employment Act.  In April 2018, Defendants moved for partial summary judgment on claims 1 through 5.  On August 21, 2018, the court granted Defendants' motion as to Roberts' first four claims, but denied the motion as to Roberts' retaliation claim.

## DISCUSSION

Roberts now requests that this court reconsider its grant of partial summary judgment and reinstate his first four claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  It is within the court's discretion to reconsider a previous order.  *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).  Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b).  In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained:

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402–03. The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense. *Murtha*, 377 F.2d at 431–32. . . . When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey v. Dayton–Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d 75 (1979). . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479

F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431–32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion.  A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.  *E.g., Maryland Cas. Co. v. Mid-Continent Cas. Co.*, No. 2:14-CV-00522, 2015 WL 13845459, at *1 (D. Utah Dec. 4, 2015) (unpublished).

In this case, Roberts' arguments regarding his procedural due process rights amount to nothing more than a disagreement with the court's previous decision.  As such, the court denies Roberts' request to reinstate his procedural due process claim.

As for Robert's arguments to reinstate his request for a declaratory judgment and his substantive due process claims under the United States and Utah Constitutions, the majority of those contentions merely rehash arguments that this court has already rejected and are based on evidence that this court has already considered.[1]  Thus, the court need not entertain those

---

[1] Indeed, in his motion, Roberts argues that reconsideration is warranted "[b]ased upon . . . newly discovery evidence, *coupled with the evidence and arguments that Roberts previously submitted in opposition to Defendants' Motion for Partial Summary Judgment*."  ECF No. 93 at 5 (emphasis added).  Therefore, Roberts concedes that his motion is based, at least in part, on evidence and arguments that he already submitted to the court, which cannot support a motion to reconsider.

3

contentions or consider that evidence a second time.[2]  Rather, the court will focus the remainder

of its analysis on Roberts' assertion that his claims should be reinstated because there is new

evidence that establishes that the Range Master position was a merit position in which he had a

constitutionally protected property interest.  More specifically, Roberts contends that Defendants

failed to produce material information that demonstrates that the Range Master position was a

merit position.

      In addressing Roberts' contentions, the court notes, as it did when granting Defendants'

motion for summary judgment in part, that only the Merit Commission can create a "merit"

position.  Memorandum Decision and Order, ECF No. 77, at 7.  Accordingly, the only

information that is relevant to the classification of Roberts' former position is evidence from the

Merit Commission; the testimony of what others at the Sheriff's Office believed the Range

Master classification to be is irrelevant.  *Id.*  With this in mind, the court is unpersuaded that the

new documents that Roberts has provided undermines the court's original order.  None of the

new documents are Merit Commission documents, nor do they announce—or even purport to

announce—the Merit Commission's position as to the classification of the Range Master

position.[3]  To the contrary, there are various references throughout the new documents that

reaffirm the court's conclusion that the Range Master position was a "specialist" position in

which Roberts did not enjoy a constitutionally protected property interest.  The court therefore

concludes that Roberts' motion to reconsider his claims for a declaratory judgment and substance

---

[2] For example, Roberts argues that there is evidence in the record that establishes that the Range Master position was a merit position.  Specifically, he cites the Merit Commission's notice of a public hearing along with other documents attached thereto.  ECF No. 20-2.  However, since those documents were already filed with and available to the court when considering Defendants' motion for partial summary judgment, they cannot now serve as the basis for Roberts' motion for reconsideration.

[3] Notably, two of the new documents contain disclaimers that they are "unofficial lists."  *See* ECF No. 93-1 and 93-2.  Therefore, on their faces, the documents do not establish any official position of the Merit Commission.

due process are equally without merit.  Accordingly, the court denies Roberts' request to reinstate those claims.

As a final matter, Defendants argue that Roberts' motion to reconsider is frivolous and done in bad faith.  They contend that the motion has done nothing more than waste their time and resources along with the court's.  As such, they request that the court grant them their attorneys' fees.  In response, Roberts argues that Defendants failure to produce the new documents during discovery warrants the imposition of Rule 11 sanctions.  The court, however, does not find that sanctions against either side are deserving at this time.  While Roberts' motion relies partially on arguments and evidence that the court has already considered, the court does not find it to be frivolous such that Defendants' are entitled to their attorneys' fees.  And although the court does not condone Defendants' failure to produce documents that Roberts requested during discovery, those documents have no bearing on the court's previous decision that the Range Master position was a "specialist" position.  Accordingly, the court will forego imposing any sanctions at this time.

## CONCLUSION

Based on the foregoing reasoning, Roberts' Rule 54(b) Motion to Reconsider is hereby DENIED.

Dated this 21st day of April, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

5