# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICHOLAS J. ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES M. WINDER, et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:17-cv-00298<br><br>Judge Dale A. Kimball |

## INTRODUCTION

This matter is before the court on Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs (ECF No. 136.) The issues related to this motion are now fully briefed. After carefully considering the memoranda and other materials submitted by the parties and the facts and law relevant to this motion, the court feels that a hearing is unnecessary and enters the following Memorandum Decision and Order.

## BACKGROUND

On July 22, 2020, Defendants filed a Bill of Costs requesting $20,605.38. (ECF No. 124.) This request included (1) $1,678.46 for the service of subpoenas, (2) $12,845.30 in fees for deposition and hearing transcripts, (3) $761.22 in witness fees, and (4) $5,320.40 for copying costs. (ECF No. 124.) Plaintiff filed an objection to these costs. (ECF No. 125.) On October 21, 2020, the Clerk allowed all of the costs except $2,253.16 (40% reduction in copying costs and $125 reduction for improperly claimed delivery fees). (ECF No. 135 at 3, 5.)

1

On October 26, 2020, Plaintiff filed a Motion for Judicial Review of Clerk's Taxation of Costs (ECF No. 136.) In this motion, Plaintiff argues "that Defendants are not entitled to any costs because they have failed to meet their burden of showing the costs that they are seeking were both reasonable and necessary." (ECF No. 136 at 8.) Defendants respond that Plaintiff attempts to employ the benefit of hindsight, that the costs were reasonable and necessary at the time they were incurred, and that they have adequately shown the reasonableness and necessity of each cost claimed. (ECF No. 137.)

## DISCUSSION

"The Court reviews the Clerk's taxation of costs de novo." *Thorne Research, Inc. v. Xymogen, Inc.*, 2020 WL 4732123, *1 (D. Utah 2020) (unpublished) (citations omitted). "Items proposed by prevailing parties as costs should always be given careful scrutiny." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). The taxable costs are governed by 28 U.S.C. §1920, which allows a judge or clerk of any court tax costs for the categories of expenses listed in section 1920 so long as they are "necessarily obtained for use in the case." *Id.* (citation omitted). When reviewing taxable costs, courts should be careful not to "employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case." *Id.* at 1148 (citation and quotation marks omitted). Instead, courts should rely "solely on the particular facts and circumstances at the time the expense was incurred." *Id.* (citation and quotation marks omitted).

With this standard in mind, the court turns to Plaintiff's motion. In this case, Plaintiff objects to the Clerk's granting of taxable costs for each category of costs claimed by Defendants. The court will address each of Plaintiff's challenges in turn.

### A. Copying Costs

Plaintiff argues that Defendants' failed to adequately explain the nature, purpose, or necessity for the $5,320.40 in copying costs and that Camille N. Johnson's declaration (ECF No. 130-1) is insufficient evidence to justify these costs. Defendants respond by arguing that Plaintiff's argument overstates the burden placed upon the prevailing party to justify the copying costs and that the complexity of the case demonstrates these costs were necessary. The court agrees with Plaintiff.

At the outset, the court notes that the cases to which Plaintiff cites in opposing Camille Johnson's declaration are unhelpful here. These cases all deal with whether "[c]onclusory, speculative testimony in affidavits and moving papers is []sufficient to raise genuine issues of fact and defeat summary judgment." *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 514 (N.D. Cal. 1995) (citing *Falls Riverway Realty, Inc. v. Niagara Falls,* 754 F.2d 49 (2nd Cir.1985)); *see also Koclanakis v. Merrimack Mut. Fire Ins. Co.*, 899 F.2d 673, 676 (7th Cir. 1990). These cases are unhelpful because the standard for creating a genuine issue of material fact for a summary judgment motion is an entirely different standard than justifying copying costs. Additionally, courts appear to sometimes rely on declarations from counsel in awarding costs. *See, e.g., Cohlmia v. Ardent Health Servs.*, No. 05-CV-384-GKF-PJC, 2010 WL 4809308, at *4 (N.D. Okla. Nov. 18, 2010) (finding that the prevailing party adequately justified copying costs based on the lead counsel's affidavit, the number of claims asserted by the plaintiff, the complexity of the case, and the extensive motion practice); *Peacock v. Carpedia Int'l, Ltd.*, No. CIV.A. H-10-2273, 2012 WL 4829381, at *5 (S.D. Tex. Oct. 10, 2012) (awarding costs for copying because of counsel's declaration that the copy costs were necessarily incurred in the action). That is not to say, however, that every declaration is sufficient to justify copying costs.

The Tenth Circuit has "specifically noted that the burden of justifying copy costs is not 'a high one.'" *In re Williams Sec. Litig.*, 558 F.3d at 1149 (citing *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1259 (10th Cir.1998)). "A prevailing party need not justify each copy it makes" in order to recoup the copying costs. *Id.* (citation and formatting omitted). However, a prevailing party must demonstrate that the copies were "reasonably necessary for use in the case." *Id.* (citation omitted). "The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that merely 'added to the convenience of counsel' or the district court." *Id.* at 1147 (citation omitted). Thus, "[t]o be recoverable, a prevailing party's transcription and copy costs must be 'reasonably necessary to the litigation of the case,'" which does not include "[m]aterials produced 'solely for discovery.'" *Id.* at 1148 (citations omitted).

In this instance, the court finds that Camille Johnson's declaration is unpersuasive, not invalid or inadmissible. Camille Johnson's declaration is unhelpful because it merely states that the copying costs were reasonable and necessary. Such a bald assertion does not demonstrate *why or how* the copies were reasonably necessary to the litigation of this case. Apart from the insufficient declaration, Defendants have otherwise failed to meet their burden to show the copying costs were "reasonably necessary for use in the case." *In re Williams Sec. Litig.*, 558 F.3d at 1149.

Here, Defendants' request for copying costs consists of nothing more than an itemized list that appears to show—among other things—a task number, the date of the expense, an attorney identification number, the number of copies, and the amount billed. The court is unconvinced that this is enough to meet the low burden of justifying copying costs. While Defendants do not have to identify each copied document and state why it is necessary, they

4

must do more than list the copy date and the price for making the copy. Defendants did not attempt to categorize or otherwise specify any of the copying costs. Thus, with the current evidence, the court is unable to tell if copies were necessary for litigation and not simply for the convenience of counsel or the court. *See In re Williams Sec. Litig.*, 558 F.3d at 1147–48; *see also Thorne Research, Inc. v. Xymogen, Inc.,* No. 2:13-CV-784 TS, 2020 WL 4732123, at *3 (D. Utah Aug. 14, 2020) ("While Defendant provided a spreadsheet setting out printing costs and counsel attested that they were necessarily incurred, Defendant provided no information as to what these costs entailed or why they were necessary. . . . Without further information, Defendant deprives Plaintiff, the Clerk, and the Court of the opportunity to conduct a meaningful review of its request."). Accordingly, the court finds that it cannot award any costs for copying.

### B. Service Fees

Defendants seek $1,678.46 for the service of subpoenas. Plaintiff argues that 28 U.S.C. § 1920(1) only allows for the taxation of costs for fees from service by the U.S. Marshals. Plaintiff further argues, without citing to any authority, that Defendants should not recover the cost of service of subpoenas upon their own employees or other county employees who Defendants identified as their witnesses. Defendants respond by citing to *CleanCut, LLC v. Rug Doctor* for the proposition that "[c]ourts generally allow service fees to private process servers up to the taxable amount that would have been incurred if the [marshals] had effected service." 2015 WL 5599880, 2 (D. Utah 2015) (unpublished) (citing *Collins v. Gorman*, 96 F. 3d 1057, 160 (7th Cir. 1996)). The Tenth Circuit does not appear to have addressed this argument and other circuit courts appear to be divided on the issue. For example, the Fifth Circuit does not allow taxable costs for private process servers. *See Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997). The Ninth Circuit seems to allow taxable costs for private process

servers without any sort of conditions. *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) (noting that "[s]ince the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed"). While other circuits take a middle-ground approach and "permit recovery of expenses that do not exceed what the marshal would have charged." *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996). The court finds the reasoning from *Collins* compelling—as did Judge Warner in *CleanCut, LLC v. Rug Doctor*, 2015 WL 5599880, *2.

Following the logic from *Collins*, the court will compare the current rates charged by the U.S. Marshals Service with the private process servers used here. The current cost of service by the United States Marshals is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expense." 28 C.F.R. § 0.114. It appears from the exhibits attached to Defendant's Bill of Costs that the private process servers charged similar rates. (ECF No. 124 at 28–41.) Accordingly, the court awards Defendants the entire $1,678.46 for the service of subpoenas.

C. **Hearing Transcript**

Defendants seek to recover $947.50 for a transcript of the July 29, 2009 Merit Commission that was prepared from an audiotape of the same hearing that Plaintiff had filed of record months earlier. Plaintiff argues that paying for this transcript was unnecessary because it was already available in audio format. Defendants argue that the cost was necessary and reasonable because it helped disprove some of Plaintiff's assertions. Even assuming the transcript definitively proved that Plaintiff made false statements, Defendants argument is unpersuasive for two reasons.

First, having a certified transcript of the hearing does not change the substance of what was said during the Merit Commission hearing. Plaintiff's allegedly false statements could have been just as easily disproven by listening to the audio recording of the hearing and citing the timestamp accordingly. Second, Defendants argument attempts to employ the benefit of hindsight. The reasonable and necessary determination is made at the time the cost was incurred. *See In re Williams Sec. Litig.*, 558 F.3d at 1148. Here, paying for the transcript was not necessary to the litigation but rather the transcript was requested and paid for out of convenience of counsel and the court. *Id.* at 1147. Accordingly, this cost is not permissible.

### D. Videotape of Roberts' Deposition

Plaintiff argues that Defendants request for $607.50 for a videotape of Plaintiff's first deposition is not allowed because Defendant's also requested a transcript of the same deposition. Defendants argue that the videotape was necessary because it displayed Plaintiff's demeanor (*e.g.*, visual anxiety, stammering, and inability to answer questions) as Defendants allegedly caught Plaintiff making inconsistent statements. While Defendants' argument improperly employs the benefit of hindsight, the court nonetheless finds that it is not only necessary and reasonable to record a plaintiff's deposition but also this is a routine and customary practice. Accordingly, this cost will be awarded.

### E. Deposition Transcripts

Plaintiff argues that Defendants' request for $10,005.70 for an original plus one certified copy of 16 depositions is improper. Defendants do not specifically respond to this argument. The court, however, notes that the charges for an "original" and a "certified copy" of a deposition transcript is a customary and routine charge for depositions. The original transcript is the copy sent to the witness being deposed. The certified transcript is the copy sent to the lawyer that he or

she uses during the course of the litigation. Additionally, the receipts appear to show that there were no added costs for the certified copy. (ECF No. 124-2.) Therefore, the court finds that there is nothing improper in obtaining an original and one certified transcript of a deposition.

Plaintiff also argues that Defendants improperly seek to recover $892.70 for the costs of deposing Beau Babka, George Nielsen, and Dan Curtis because these witnesses had already submitted declarations or affidavits. Plaintiff cites no caselaw to support this argument. Defendants argue that these depositions were useful during the litigation and that Plaintiff even used their deposition testimony to oppose Defendants' Motion for Summary Judgment (ECF No. 99.) The court again finds that it is fairly common to depose witnesses who have given sworn statements and Defendants have shown that these depositions were reasonable and necessary. Accordingly, the court will award these costs.

### F. Deposition Delivery Expenses & Exhibits

Plaintiff argues that Defendants improperly claimed $265.90 in charges for handling, delivery, and/or exhibits related to some of the depositions. Defendants do not rebut this argument. The court therefore will eliminate the charges for handling and delivery and allow the costs for the exhibits. The $265.90 is, therefore, reduced by $125.00.

### G. Witness Expenses

Plaintiff argues that Defendants improperly seek to recover $761.22 for witness fees. This argument rests solely upon the reasonableness and necessity of the witnesses' depositions. Since the court has already found that the depositions were necessary, the court will award these costs.

### CONCLUSION

For the foregoing reasons the court GRANTS in part and DENIES in part Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs (ECF No. 136). The court GRANTS

Plaintiff's motion related to costs for copying ($5,320.40), the transcript of the July 29, 2009 Merit Commission ($947.50), and the costs for delivery and handling ($125). The rest of Plaintiff's motion is denied and all other costs are awarded to Defendants in full. Accordingly, Defendants are entitled to $14,212.48 in taxable costs.

| | |
|---:|---:|
| Total Taxable Costs Sought | $20,605.38 |
| Copying Costs | – $5,320.40 |
| Hearing Transcript | – $947.50 |
| Handling & Delivery Charges | – $125.00 |
| | = $14,212.48 |

DATED this 19th day of January, 2021.

BY THE COURT:

_____

DALE A. KIMBALL

United States District Judge